UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH WILLIAM INWOOD,

        Petitioner,                    Case No. 2:20-cv-10440
                                                    Hon. Denise Page Hood

v.

MICHELLE FLOYD,

        Respondent.

_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's motion for the appointment of counsel. For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE.**

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v.*

*Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.* The interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court denies the motion for appointment of counsel. The Court will reconsider petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

**IT IS HEREBY ORDERED** that the motion for appointment of counsel (**ECF No. 15**) is **DENIED WITHOUT PREJUDICE.**

      **SO ORDERED.**

                                         s/Denise Page Hood
                                         Chief Judge, United States District

DATED: October 12, 2021