## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOSEPH WILLIAM INWOOD,

                Petitioner,                    Case Number: 2:20-CV-10440
                                                      HON. DENISE PAGE HOOD

v.

MICHELLE FLOYD,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Joseph William Inwood filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. At the time he filed the petition, Inwood was incarcerated at the Cooper Street Correctional Facility, in Jackson, Michigan. He has since been released to a term of parole.

Inwood raises eight claims for relief. For the reasons stated, the Court denies the petition and denies a certificate of appealability. The Court grants Petitioner leave to appeal *in forma pauperis*.

### I. Background

Inwood's convictions arise from the sexual assaults of his stepson and niece. He pleaded no contest in Macomb County Circuit Court Case No. 2015-001777-

FH to second-degree criminal sexual conduct, Mich. Comp. Laws §
750.520d(1)(a), and attempted third-degree criminal sexual conduct, Mich. Comp.
Laws § 750.520d(1)(d).  He pleaded no contest in Macomb County Circuit Court
Case No. 2015-001779-FH, to third-degree criminal sexual conduct.  Mich. Comp.
Laws § 750.520d(1)(d).  In exchange for his plea, the prosecutor dismissed several
additional charges.  Additionally, the pleas were entered pursuant to a *Cobbs*
evaluation that Petitioner's minimum sentence would be set at the midpoint of the
guidelines.  *See People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993)
(permitting a defendant to enter a guilty plea in reliance on the trial court's initial
evaluation as to the appropriate sentence, subject to the defendant's right to
withdraw his plea if the sentence actually imposed exceeds the preliminary
evaluation).  On August 6, 2015, the trial court sentenced Inwood in Case No. 15-
1777 to 43 months to 15 years for second-degree criminal sexual conduct and 40
months to 5 years for attempted third-degree criminal sexual conduct.  In Case No.
15-1779, he was sentenced to 53 months to 15 years for third-degree criminal
sexual conduct.

Inwood filed a delayed application for leave to appeal in the Michigan Court
of Appeals, raising these claims: (i) the trial court failed to establish a sufficient
factual basis for the plea and counsel was ineffective in this regard; (ii) the trial

2

court improperly scored offense variables 4 and 11 and counsel was ineffective in failing to object; and (iii) the trial court failed to consider mitigating factors when imposing a sentence and counsel was ineffective for failing to object. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Inwood*, No. 331373 (Mich. Ct. App. Apr. 5, 2016).

Inwood filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the court of appeals and the following additional claims: (i) defense counsel was ineffective for failing to investigate, interview relevant witnesses, and for insisting that Inwood accept a plea he did not understand; (ii) the prosecutor withheld relevant documents and information; (iii) the no contest plea was not intelligently and voluntarily made; and (iv) the trial court withheld relevant evidence on appeal. The Michigan Supreme Court held that offense variable 11 was incorrectly scored and, because correcting the score changed the applicable guidelines range, the court remanded the case for resentencing. *People v. Inwood*, 500 Mich. 932 (Mich. Jan. 31, 2017). In all other respects, the court denied leave to appeal. *Id.*

On remand, the trial court determined that the agent's description of offense contained within the presentence investigation reports for both case numbers had been transposed. (ECF No. 10-7, PageID.364.) After ordering the reports

corrected, the trial court imposed the same sentences in Case No. 15-1777, and

sentenced Inwood to 68 months to 15 years for third-degree criminal sexual

conduct in Case No. 15-1779.

Inwood filed a delayed application for leave to appeal in the Michigan Court

of Appeals.  He raised these claims: (i) the trial court erred in failing to score OV

11 at zero points; (ii) the trial court erred in denying Inwood's motion to withdraw

plea; (iii) the prosecutor committed misconduct and counsel was ineffective for

failing to object; (ii) trial counsel was ineffective; (iii) the trial court failed to

establish the terms of the plea agreement; (iv) the sentence was based on an

inaccurate presentence investigation report; and (v) the trial court issued a

vindictive sentence.  The Michigan Court of Appeals denied leave to appeal "for

lack of merit in the grounds presented." *People v. Inwood*, No. 340225 (Mich. Ct.

App. Feb. 25, 2019).  The Michigan Supreme Court also denied Inwood's

application for leave to appeal. *People v. Inwood*, 504 Mich. 316 (Mich. 2019).

Petitioner then filed the pending petition for a writ of habeas corpus, and,

later, a supplement to the petition.  The petition raises these claims:

I.      Did the trial court err in failing to score OV-11 at zero points?

II.     Did the trial court err in having failed in allowing Mr. Inwood to
        withdraw his plea due to ineffective counsel?

III.    Did the prosecutor violate defendant's constitutional due process,

equal protection, and other protected rights under the United States and Michigan constitutions so profoundly it undermined confidence in the verdict and rendered the plea unknowing, involuntary and unintelligently made?

IV.     Did trial counsel deprive defendant of effective assistance of counsel?

V.      Did the trial court wrongfully sentence defendant using an inaccurate presentence investigation report?

VI.     Did the trial court err in not establishing the terms of the plea agreement?

VII.    Was trial court negligent and/or incompetent depriving petitioner of his due process?

VIII.   Did appellate counsel deprive defendant of effective assistance of counsel?

## II.  Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Further, "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

A state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

### A.    Sentencing Claims (Claims I and V)

Inwood raises two claims related to his sentence.  He argues that zero points should have been scored for offense variable (OV) 11 and that the trial court relied on inaccurate information when sentencing Inwood.

Inwood challenged the scoring of OV 11 on direct review.  The Michigan Court of Appeals denied leave to appeal for lack of merit in a one-sentence summary order. *People v. Inwood*, No. 340225 (Mich. Ct. App. Feb. 25, 2019). This type of summary order is presumed to be an adjudication on the merits to which AEDPA deference applies.  *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Inwood offers no basis for rebutting that presumption and the Court finds none.  The Court applies AEDPA's deferential standard of review to the state court's decision.

Inwood has failed to show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, federal law.  "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."  *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003).  And "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  So Inwood's claim that the trial court erred when it scored OV 11 is not cognizable on federal habeas review.

Inwood also claims that his sentence was based on inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or on "extensively and materially false" information, which the defendant had no opportunity to correct.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information and that it was inaccurate.  *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007).  Inwood fails to make such a showing.  He had a sentencing hearing before the state trial court with an opportunity to contest the scoring of the guidelines and the sentencing decision.  He also raised the sentencing issues on direct appeal.  Inwood fails to establish that the state court relied upon materially

false or inaccurate information in imposing his sentence which he had no opportunity to correct.  Habeas relief is not warranted on this claim.

Inwood also is not entitled to relief for his claim that trial counsel was ineffective for failing to raise these claims during sentencing.  In order to establish that trial counsel was ineffective, a habeas petitioner must show that counsel erred and that he was prejudiced by counsel's conduct.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Given the trial court's ruling that the disputed offense variable was correctly scored, and the Michigan Court of Appeals' denial of leave to appeal for lack of merit, Inwood cannot establish that counsel erred at sentencing and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020).

**B.    Validity of Plea (Claims II, III, IV, and VI)**

Inwood raises multiple claims challenging the validity of his plea.  He argues that his plea was rendered involuntary by defense counsel's ineffectiveness (claims II and IV) and by the prosecutor's failure to turn over material, exculpatory evidence rendered his plea involuntary (claim III).  Inwood also argues that the trial court's failure to establish the terms of the plea agreement rendered his plea invalid (claim VI).

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Haring v. Prosise,* 462 U.S. 306, 219-20 (1983). To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States,* 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757 (quotation omitted).

In this case, the state court record shows that Inwood's plea was knowing, intelligent, and voluntary. Inwood was 42 years old at the time of his plea and a high school graduate. There is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or the nature of his plea. He claims that the first sentencing hearing shows that he was confused and incompetent to understand the proceedings. In fact, the transcript shows that he complained of experiencing a great deal of stress and

10

having only other prisoners to talk to.  This describes circumstances experienced

by many incarcerated individuals and fails to show that he could not understand the

proceedings.  Inwood was represented by legal counsel and conferred with counsel

during the plea process.  The parties discussed the charges, the terms of the plea

agreement, and the consequences of the plea.  Inwood indicated he understood the

charges and the plea agreement, that he wanted to take the plea, and that he had not

been promised anything other than what was included in the plea agreement.

Inwood is bound by those statements. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th

Cir. 1999).

1.    Ineffective Assistance of Counsel

Inwood asserts that trial counsel was ineffective in failing to investigate his

case and advising him to accept the plea bargain. To show a violation of the Sixth

Amendment right to effective assistance of counsel, a petitioner must establish that

his attorney's performance was deficient and that the deficient performance

prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In

guilty plea cases, the "performance" prong requires showing that defense counsel's

representation fell below an objective standard of reasonableness or was outside

the range of competence demanded of attorneys in criminal cases.  *Hill v.

Lockhart*, 474 U.S. 52, 56-59 (1985).  The "prejudice" prong "focuses on whether

11

counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59.  The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary.  *Strickland*, 466 U.S. at 690-91.  Inwood, however, fails to establish that counsel did not investigate or was deficient in advising him about the charges, the plea, or possible defenses.  To offer support for this argument, Inwood provides numerous excerpts of reports detailing investigations by child protective services (CPS) into allegations of child sexual abuse against Inwood.  As the subject of the investigations, Inwood certainly would have been aware of them prior to entering his plea.  So it is unlikely that obtaining the reports earlier would have altered Inwood's decision whether to proceed to trial.

Further, Inwood's focus on the reports and investigations is fact specific – he alleges that these documents show that the charges against him were fabricated and that he is innocent.  But a guilty or no contest plea involves a waiver of many constitutional rights, including the right to present evidence in one's defense.  *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008).  A defendant who

12

pleads guilty or no contest waives all pre-plea issues including any claim that he or she had a defense to the charges. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Inwood's numerous fact-based arguments which he maintains show his innocence are not a ground for relief. Criminal defendants often decide to plead guilty based upon the strength of the case against them and the likelihood of conviction. A criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

Inwood fails to show that his attorney performed deficiently or that he would have proceeded to trial absent counsel's representation.

### 2.    Prosecutorial Misconduct

Inwood claims that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, he argues multiple reports prepared by child protective services and the police should have been disclosed to the defense because they were exculpatory. In *Brady v. Maryland*, 373 U.S. 83 (1967) the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Inwood fails to show a *Brady* violation.

"There is no authority ... holding that suppression of *Brady* material *prior to trial* amounts to a deprivation of due process." *Campbell v. Marshall*, 769 F.2d 314, 322 (6th Cir. 1985) (emphasis in original). "A prosecutor's failure to disclose arguably exculpatory *Brady* material prior to plea bargaining [will] not render the defendant's guilty plea involuntary where a factual basis for the plea was established at the plea proceeding." *Robertson v. Lucas*, 753 F.3d 606, 621 (6th Cir. 2014) (citing *Campbell*, 769 F.2d 314 at 318, 323-24.

Inwood has not demonstrated that the reports he cites are exculpatory or that they would have changed his decision to enter a guilty plea. Nor has he shown that he was unaware of the reports or that they were solely within the control of the prosecution. *See Owens v. Guida*, 549 F.3d 399, 415 (6th Cir. 2008) (finding "no *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available ... from another source, because in such cases there is really nothing for the government to disclose"). Further, the content of the reports cited by Inwood does not detract from the factual basis set forth in his plea agreement and, accordingly, does not render the plea involuntary.

Inwood's claim fails for another reason: he has not identified any exculpatory information within the reports. At best, the reports may have provided

14

some impeachment evidence.  But "the Constitution does not require a prosecutor to disclose impeachment evidence prior to the entry of a guilty plea." *United States v. Ruiz*, 536 U.S. 622, 628-33 (2002).  Inwood's claims do not call into question the validity of his plea.

> 3.    Insufficient Plea Colloquy

Next, Inwood argues that his plea is invalid because the trial court failed to ask him on the record how he pled with respect to case file no. 15-1779.  This claim is clearly contradicted by the record.  During the plea hearing, the following exchange occurred:

> The Court:   On filed number 1779 it's my understanding you wish to plead guilty to the charge criminal sexual conduct third degree; is that right.
>
> Inwood:      Yes.
>
> The Court:   Actually let me strike that.  You're pleading no contest to that charge, sir, correct?
>
> Inwood:      Yes.

(ECF No. 10-4, PageID.323.)

Thus, the transcript shows Inwood entered a no contest plea on case number 15-1779, and this claim is denied.

**C.    Claims Raised by Amendment (Claims VII and VIII)**

15

Finally, several months after filing his petition, Inwood filed a supplemental petition raising two additional claims.  These claims are not properly exhausted, but, because exhaustion is not a jurisdictional bar to review the Court will proceed to the merits.  *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).

First, Inwood argues that his right to due process was violated because the trial court confused his two case files on several occasions resulting in an inaccurate presentence investigation report and inaccurate scoring of offense variables.  There is no constitutional right to severance of charges.  *See United States v. Lane*, 474 U.S. 438, 446 n.8 (1986).  As discussed above, the original presentence investigation report transposed the facts of the case files.  But the trial court ordered the presentence investigation report corrected and resentenced Inwood on the basis of the corrected report.  (*See* ECF No. 10-7, PageID.364.) Other than this instance, Inwood fails to show that joinder of the charges against him denied him his right to due process.

Second, Inwood argues that he received ineffective assistance of appellate counsel because counsel failed to investigate potential claims and failed to present meritorious claims on direct review.  A petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  *Jones v. Barnes*, 463 U.S. 745, 754 (1983).  Strategic and tactical choices regarding which

16

issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The claims raised in this petition are meritless. Appellate counsel need not raise non-meritorious claims on appeal. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Accordingly, the Court will deny habeas corpus relief on this claim.

## IV. Certificate of Appealability and Leave to Proceed *In Forma Pauperis* on Appeal

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability. If Petitioner nonetheless chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. §

1915(a)(3).

## V. Conclusion

For the reasons set forth above, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and grants leave to appeal *in forma pauperis*.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

DATED: September 6, 2023

18